896

[S. F. No. 16526. In Bank. Apr. 29, 1942.]

GREAT WESTERN POWER COMPANY OF CALIFORNIA (a Corporation), Respondent, v. CHARLES J. McCOLGAN, as Franchise Tax Commissioner, etc., Appellant.

Earl Warren, Attorney General, and H. H. Linney and Valentine Brookes, Deputies Attorney General, for Appellant.

Thos. J. Straub and John C. Wood for Respondent.

SHENK, J.—This case presents facts similar to those involved in the case of *San Joaquin Ginning Co.* v. *McColgan, ante,* p. 254 [125 P. (2d) 36], this day decided.

Pacific Gas and Electric Company owned all of the stock (with the exception of two per cent of the preferred stock) of the plaintiff, Great Western Power Company. The latter, by agreement with its principal stockholder, elected to dissolve on March 8, 1936. It effected a statutory dissolution and distributed its assets to its stockholders. After liquidation and dissolution, the Pacific Gas and Electric Company continued the conduct of the plaintiff's business in the same manner and with the use of the same properties as theretofore conducted by the plaintiff.

The plaintiff had paid its franchise tax for the taxable year 1936. It was dissolved on July 30, 1936. It commenced an action for a refund of five-twelfths of the tax. The plaintiff recovered judgment and the defendant appealed.

The questions to be determined are the same as those decided in the San Joaquin Ginning Company case. Those questions turn on whether the liquidation and dissolution of the plaintiff amounted to a reorganization, merger or consolidation within the meaning of section 13(k) of the Bank and Corporation Franchise Tax Act. (Stats. 1933, p. 869, as amended; Stats. 1937, p. 2331; Deering's Gen. Laws, 1937, Act

8488.) All of the contentions of the plaintiff are answered by our decision in *San Joaquin Ginning Company* v. *McColgan, supra,* and on the authority of that case the judgment is reversed.

Gibson, C. J., Curtis, J., Edmonds, J., and Carter, J., concurred.

Traynor, J., did not participate herein.

Respondent's petition for a rehearing was denied May 28, 1942. Traynor, J., did not participate therein.